UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGLE, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>BUFFALO GAMES, LLC,<br><br>        Defendant. | Case No. 22-cv-07024-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 18 |

Tangle, Inc. ("Plaintiff") sues Buffalo Games, LLC ("Defendant") for (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); (3) copyright infringement under 17 U.S.C. § 501(a); and (4) unfair competition under California Business & Professions Code § 17200. (Dkt. No. 4.)[1] Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue. (Dkt. No. 18.) Alternatively, Defendant seeks to transfer this matter to the Western District of New York. (*Id.*) Having reviewed the parties' submissions, and having had the benefit of oral argument on March 16, 2023, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction and denies the venue motions.

**COMPLAINT ALLEGATIONS**

Plaintiff is a California toy manufacturer and distributor principally operating out of South San Francisco, California. (Dkt. Nos. 4, 20-1.) Plaintiff owns a trademark for its "TANGLE" products covered by U.S. Trademark Registration No. 1,779,055, which has been substantially and continuously promoted since 1993. (Dkt. No. 4 at ¶¶ 6-7.) Plaintiff also owns all exclusive rights

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  in various copyrights for TANGLE products. (*Id.*) Three example TANGLE products are
2  pictured below (Dkt. No. 4 at 5):

  

8   Defendant is a New York limited liability corporation that produces games and puzzles
9  with its principal place of business in Buffalo, NY. (Dkt. No. 4 at ¶ 11.) Defendant has no
10 physical locations, facilities, or personnel in California. (Dkt. No. 18-2 at ¶ 6.) Defendant is not
11 licensed to conduct business in California, owns no property or assets in California, and neither
12 owes nor pays income taxes in California. (*Id.* at ¶¶ 8-12.) None of Defendant's officers,
13 directors, or shareholders are domiciled in California, nor are any California citizens. (*Id.* at ¶ 7.)
14  Plaintiff alleges Defendant sells its "Chuckle & Roar Sensory Fidget Box 10-pack,"—
15 which includes a "Twist & Tangle" toy (the "Infringing Toy")—at Target's brick-and-mortar
16 locations in California. (Dkt. No. 4 at ¶ 14.) Plaintiff alleges Defendant also offers the Infringing
17 Toy to California consumers online through www.target.com. (*Id.*) Plaintiff alleges the Infringing
18 Toy appears identical to its TANGLE toys but is constructed with "substandard, stiff material,
19 making [it] much less flexible." (*Id.* at ¶ 2.) Defendant's product in question, featuring the
20 Infringing Toy, is pictured below (Dkt. No. 4 at 7-8):

  

Plaintiff sent a cease-and-desist letter, demanding Defendant stop sales of the Infringing Toy, recall all such products, and cancel any outstanding orders. (Dkt. No. 20-1 at 59-60.) Plaintiff submits screenshots indicating—at time of filing—the Infringing Toy was available online at www.target.com and in several brick-and-mortar Target retailers throughout this district. (Dkt. No. 4 at 7.)

## DISCUSSION

### I.  Personal Jurisdiction

Plaintiff "bears the burden" of establishing personal jurisdiction exists. *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).

The Court may consider declarations and other evidence outside the pleadings to determine whether it has personal jurisdiction. *See Boon Global*, 923 F.3d at 650. "[U]ncontroverted allegations in plaintiff's complaint must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (cleaned up). However, courts "may not assume the truth of allegations in a pleading which are controverted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (cleaned up).

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long arm statute is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process are the same. *See* Cal. Civ. Proc. Code § 410.10; *Mavrix*, 647 F.3d at 1223.

Courts recognize two forms of personal jurisdiction, general and specific, sometimes referred to as all-purpose and case-linked, respectively. *Bristol-Myers Squibb Co. v. Super. Court*

3

*of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). General jurisdiction over a nonresident corporation "is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2006); *see Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) ("[T]he standard for general jurisdiction is high" and "[a] defendant must not only step through the door, it must also [sit] down and [make] itself at home.").

By contrast, specific jurisdiction requires a nonresident defendant's "suit-related conduct [to] create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Where there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 582 U.S. at 264; *see Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over claims unrelated to those sales."). As Plaintiff does not contend general jurisdiction exists, the Court addresses only whether Plaintiff has met its burden of establishing specific personal jurisdiction.

The Ninth Circuit applies a three-part test to determine if the exercise of specific personal jurisdiction over a nonresident is appropriate: (1) the defendant must purposefully direct its activities toward the forum or purposefully avail itself of the privileges of conducting activities in the forum; (2) the plaintiff's claim must arise out of or relate to those activities; and (3) the assertion of personal jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802. It is Plaintiff's burden to plead allegations that satisfy the first two prongs, whereupon the burden shifts to the defendant to show why the exercise of specific personal jurisdiction would not be reasonable under prong three. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985)).

### A. Purposeful Direction

The first test requires Plaintiff establish Defendant "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward

4

California." *Id.* "A purposeful availment analysis is most often used in suits sounding in contract" while a purposeful direction analysis "is most often used in suits sounding in tort." *Id.* Plaintiff alleges copyright and trademark infringement claims, which sound in tort, so the Court must decide whether Plaintiff has made a prima facie of showing of Defendant's purposeful direction at California.[2] *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Plaintiff has the burden of establishing purposeful direction following the three-part test in *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). At this stage, Plaintiff must plausibly allege (1) Defendant committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm Defendant knows is likely to be suffered in the forum state. *Id.* "Failing to plead any one of these elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-29 (9th Cir. 2010)).

### 1. Intentional Act

An intentional act is "an external manifestation of the actor's intent to perform an actual, physical act in the real world." *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 674 (9th Cir. 2012). In the trademark context, this includes selling an allegedly infringing product, even if such sales occur outside the forum. *Wash. Shoe Co.*, 704 F.3d at 674; *see Int'l Aero Products, LLC v. Aero Advanced Paint Tech., Inc.*, 325 F. Supp. 3d 1078, 1084-85 (C.D. Cal. 2018) (finding plaintiff's allegations that a nonresident defendant's infringement within the forum state was "knowing, willful, and deliberate" satisfied the intentionality prong).

Plaintiff alleges Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. (Dkt. No. 4 at ¶ 51.) Plaintiff also alleges Defendant knowingly and intentionally traded upon Plaintiff's reputation and goodwill by offering products in connections with the TANGLE trademark. (*Id.* at ¶ 61.) These factual allegations

---

[2] If the exercise of jurisdiction over these claims were proper, the Court could assert "pendent personal jurisdiction" over Plaintiff's additional claim for unfair competition because it arises out of a common nucleus of operative fact. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).

support an inference of Defendant's intent to perform "an actual, physical act in the real world." *Schwarzenegger*, 347 F.3d at 806; *see Chanel Inc. v. Yang*, No. C 12–4428 PJH, 2013 WL 5755217, at *7 (N.D. Cal. 2013) (finding an intentional act for selling allegedly infringing products on a website). Defendant does not address this prong of the *Calder* test.

The first prong of the *Calder* purposeful direction test is satisfied.

### 2. Express Aiming

The "express aiming" prong is the crux of this dispute. Plaintiff must make a prima facie showing Defendant's acts were expressly aimed at the forum state, which requires "something more" than "a foreign act with foreseeable effects in the forum state." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018). An action is expressly aimed when "the 'defendant *himself*' creates [contacts] with the forum State" rather than the plaintiff or persons who reside there. *Walden*, 571 U.S. at 284-85 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). Due process requires a defendant "be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286.

Plaintiff advances two theories arguing Defendant expressly aimed its conduct at California: (1) Defendant "intentionally infringed [Plaintiff's] intellectual property rights knowing [Plaintiff] was located in the forum state;" and (2) Defendant distributes "a disproportionate share of the Infringing Toys . . . through Target, both in physical retail stores and through online sales . . . to consumers in California." (Dkt. No. 20 at 12-13.)

Plaintiff's first theory of "individualized targeting" previously satisfied the express aiming prong in this Circuit. *See Wash. Shoe*, 704 F.3d at 678-79 ("alleged willful infringement of [a plaintiff's] copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder," established "individualized targeting"). Following the Supreme Court's holding in *Walden*, however, a defendant's knowledge that the plaintiff resides in the forum state "will not, on its own, support the exercise of specific jurisdiction." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (expressly overruling *Wash. Shoe*); *see Walden*, 571 U.S. at 289 ("Petitioner's actions in Georgia did not create sufficient contacts with

6

Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections."). In evaluating express aiming, courts must "look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods*, 874 F.3d at 1070 (quoting *Walden*, 571 U.S. at 287). The cases Plaintiff cites to support its individualized targeting theory all rely on precedent since overruled by *Walden*. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 960-61 (N.D. Cal. 2015) ("[W]here a defendant *knows*—as opposed to being able to foresee—that an intentional act will impact another state . . . the expressly aimed requirement is satisfied." (quoting *Wash. Shoe*, 704 F.3d at 675-76 (emphasis in original)); *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007) ("[T]he express aiming requirement of Calder [is] satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1124-25 (9th Cir. 2004) (cleaned up), *rev'd en banc* 433 F.3d 1199 (9th Cir. 2006) (per curiam))). Thus, Plaintiff's "individualized targeting" theory fails.

In the alternative, Plaintiff alleges Defendant expressly aimed its conduct at California through the physical and online activities of third-party retailer Target. Plaintiff alleges—based on Target's 2021 tax filings—that California is one of Target's largest states by total sales. (Dkt. No 20-2 at ¶ 4.) According to Plaintiff, because 16% of all Target retail locations are in California, a disproportionate number of Infringing Toys are sold in this district, allowing the inference Defendant "acted deliberately to exploit the California market and thus expressly aimed its infringing activities at California." (Dkt. No. 20 at 13.)

These factual allegations are insufficient to meet the express aiming requirement. To establish express aiming, a plaintiff must show "*the defendant's* actions connect him to the forum." *Walden*, 571 U.S. at 289. Although Plaintiff's screenshots demonstrate Defendant's products are sold in the forum state, none of Plaintiff's screenshots establish Defendant *itself* sold products to customers in the forum state. Instead, Plaintiff alleges a third-party retailer sells Defendant's products within the forum state. Such allegations establish only that a third-party retailer—in this case one of the largest in the industry—expressly aimed products at consumers in

7

the forum.  But Plaintiff provides no factual allegations supporting an inference Defendant sold to Target *because* Target would sell to California in particular.  Nor does Plaintiff cite any case concluding third-party retail sales of a defendant's products in a forum permits an inference the *defendant* expressly aimed its conduct at that forum.  To the contrary, courts considering this same fact pattern have held such allegations insufficient to establish express aiming. *See, e.g., Cole-Parmer Instrument, Co. LLC v. Pro. Lab'ys, Inc.*, No. 20-CV-08493-LHK, 2021 WL 3053201, at *8 (N.D. Cal. 2021) (concluding express aiming would be satisfied by direct sales to forum state residents from the defendant's website, but not by sales through a third-party); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *3 (N.D. Cal. Apr. 8, 2021) (concluding a defendant was not "expressly aiming" when it sold a product to a third party who did business in the forum).  Plaintiff therefore fails to allege facts establishing Defendant's acts were expressly aimed at California.

Because Plaintiff has failed to satisfy the second prong of the *Calder* purposeful direction test, the Court need not reach the third prong regarding foreseeability of harm. *Schwarzenegger*, 374 F.3d at 807 (ending its application of the *Calder* test after finding the plaintiff had failed to make out "a prima facie case that [the defendant] expressly aimed its acts at California").  Accordingly, Plaintiff has not adequately demonstrated Defendant "purposefully directed its activities at residents" of the forum. *Id.* at 802.

Accordingly, the Court GRANTS without prejudice Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

**II.  Venue**

Defendant also argues venue is not proper in this district and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).  If the Court determines venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Plaintiff bears the burden of showing venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  When deciding a challenge to venue, courts may consider facts outside the pleadings and need not accept all allegations as true. *See*

8

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). However, the Court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138–39 (9th Cir. 2004). Plaintiff contends venue is proper under (1) 28 U.S.C. § 1400(a) for its copyright action, and (2) 28 U.S.C. § 1391(b) for all claims.[3] (Dkt. No. 20 at 11-12.)

### A.   28 U.S.C. § 1400(a)

In copyright infringement actions, venue is proper "in the district in which the defendant…resides or may be found." 28 U.S.C. § 1400(a). This provision allows venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction. *See Brayton Purcell*, 606 F.3d at 1126. Because Plaintiff fails to establish this Court's personal jurisdiction over Defendant at this time, venue is not proper under Section 1400(a).

### B.   28 U.S.C. § 1391(b)

Under the general statute, venue is proper in a judicial district (1) in which any defendant resides, if all defendants reside in the same state; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) in which any defendant may be found if there is no other district in which the action may be brought. 28 U.S.C. § 1391(b). As above, Plaintiff's present failure to establish personal jurisdiction over Defendant means venue may only be based on the second prong.

The Ninth Circuit has not addressed what constitutes a substantial part of the events in the context of Lanham Act and unfair competition claims. Other circuits hold venue for these claims is proper "in any district where consumers are likely to be confused by the accused goods." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994); *see Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("The place where the alleged passing off occurred . . . provides an obvious correct venue."); *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956)

---

[3] Although not argued by Plaintiff, the Court has discretion to find "pendent venue" over the copyright infringement claim because venue is proper for the Lanham Act and UCL claims under Section 1391(b), and all claims arise arises out of the same transaction or occurrence. *See Martensen v. Koch*, 942 F. Supp. 2d 983, 998-99 (N.D. Cal. 2013).

("[I]n cases involving trademark infringement and unfair competition, the wrong takes place . . . where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's."). California district courts are in accord. *See e.g.*, *Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.*, No. C 05–0587 MHP, 2005 WL 701599, at *4 (N.D. Cal. 2005) ("[T]he fact that a substantial number of consumers of plaintiff's wine who reside in this district may be confused by defendant's use of the 'Mélange de Trois' mark is sufficient to establish this jurisdiction is a proper venue for the adjudication of plaintiff's claim."); *Sykes Lab., Inc. v. Kalvin*, 610 F. Supp. 849, 860 n.8 (C.D. Cal. 1985) (observing trademark infringement occurs in the district "where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's") (citation omitted).

Plaintiff argues venue lies here because consumers are familiar with its nationwide reputation and will be confused upon encountering the Infringing Toy in this district. Plaintiff's CEO explains the company "is the official source of TANGLE products in the United States," having "widely market[ed] and promote[ed] the TANGLE Trademark in the industry and to consumers." (Dkt. No. 20-1 at ¶ 7.) Plaintiff's promotion efforts include "substantial print media, the TANGLE Products' website and social media sites, and point of sale materials." (*Id.*) As discussed, Plaintiff alleges consumers within this district can find and purchase the Infringing Toy at brick-and-mortar Target locations. (*Id.* at ¶ 15.) Plaintiff also attaches an invoice for the sale of one Infringing Toy online at www.target.com with a shipping address in this district. (Dkt. No. 4-3.) Defendant does not respond to Plaintiff's allegations that sales of the Infringing Toy undermine Plaintiff's reputation and goodwill here in California other than to state Target, not itself, is in the best position to adduce evidence of these sales.

Drawing all reasonable inferences in Plaintiff's favor, the Complaint supports an inference of consumer confusion in this district when a potential consumer encounters both Plaintiff's nationwide marketing and the Infringing Toy on Target's shelves. *See e.g.*, *Sutter Home*, 2005 WL 701599, at *7 ("[I]t is certainly possible that some consumers, upon viewing or hearing the two marks, would be confused by their phonetic and orthographic similarity."); *Radical Products, Inc. v. Sundays Distributing*, 821 F. Supp. 648, 650 (W.D. Wash. 1992) (holding venue was

10

1  proper, even without any sales in the district, because the defendant mailed 650 brochures

2  advertising its products to addresses in the district).

3  Therefore, venue is proper in this district for Plaintiff's claims under Section 1391(b).

**III.  Transfer**

Defendant alternatively moves for this suit to be transferred to the Western District of New York.  Provided the action might have been brought in the transferee court, a court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interests of justice.  28 U.S.C. § 1404(a); *Martinez v. BMW of N. Am., LLC*, No. 3:19-CV-05479-WHO, 2019 WL 6727837, at *2 (N.D. Cal. 2019).  The Ninth Circuit has identified the following factors courts may consider in determining whether to transfer an action:

> (1) Plaintiff's choice of forum, (2) Convenience of the parties, (3) Convenience of the witnesses, (4) Ease of access to the evidence, (5) Familiarity of each forum with the applicable law, (6) Feasibility of consolidation of other claims, (7) Any local interest in the controversy, and (8) The relative court congestion and time of trial in each forum.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *see e.g.*, *Martinez*, 2019 WL 6727837, at *2; *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).  The burden rests with the movant to show, upon application of these factors, "the balance of convenience clearly favors transfer."  *Martinez*, 2019 WL 6727837, at *2 (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

The Western District of New York is a proper venue for Plaintiff's claims under the general venue statute, as Defendant is incorporated and maintains its principal place of business in Buffalo, New York.  *See* 28 U.S.C. § 1391(b).  The question, then, is whether the convenience factors and the interests of justice favor transfer heavily enough to outweigh Plaintiff's choice of forum.  They do not.

Defendant argues the deference afforded to Plaintiff's choice of forum should be substantially diminished because "the conduct giving rise to the claims occurred in a different forum." (Dkt. No. 23 at 12-13 (citing *Martinez*, 2019 WL 6727837, at *2).)  Arguably, the

11

1   conduct giving rise to Plaintiff's claim is Defendant's engagement with Target to sell the
2   Infringing Toy nationwide, which occurred in Buffalo.  *See, e.g.*, *Lou v. Belzberg*, 834 F.2d 730,
3   739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has
4   no interest in the parties or subject matter, [Plaintiff's] choice is entitled to only minimal
5   consideration.").  However, Plaintiff also alleges damage to its reputation and goodwill within
6   California resulting from sales of the Infringing Toy (Dkt. No. 20-1 ¶ 18), which sufficiently
7   connects its claims with the chosen forum.  *See Decker Coal Co. v. Commonwealth Edison Co.*,
8   805 F.2d 834, 843 (9th Cir. 1986) (respecting the plaintiff's choice of forum because damage
9   witnesses resided within, even though liability witnesses resided in the defendant's choice of
10  forum).  Plaintiff's choice of forum is therefore afforded its full weight.

11  The conveniences related to witnesses and evidence are relatively balanced between the
12  parties.  Defendant conducts all its retail business online from its principal place of business in
13  Buffalo.  (Dkt. No. 18-2 at ¶¶ 4, 15-16.)  However, Plaintiff similarly notes sales occurred in this
14  district and consumers confused by the Infringing Toy will be located here.  (Dkt. No. 4 at ¶ 3.)
15  Further, Plaintiff's damages witnesses will be here given Plaintiff is headquartered in this district.
16  (Dkt. No. 20-1 at ¶ 4.)  Thus, both forums would offer some conveniences and inconveniences to
17  each party in the resolution of these claims.

18  As for the interests of justice, there are no material differences between the forums as to
19  familiarity with the governing law, the feasibility of consolidation, and relative court congestion.
20  Despite Plaintiff's assertion to the contrary, courts essentially apply the same standard for
21  trademark infringement, false designation of origin, and unfair competition claims, whether under
22  federal, state, or common law.  *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)
23  ("[S]tate common law claims of unfair competition and actions pursuant to California Business
24  and Professions Code § 17200 are substantially congruent to claims made under the Lanham
25  Act.").  Further, this district and the Western District of New York have an interest in this suit
26  because parties are located within both districts.

27  On balance, the Section 1404(a) factors do not weigh in favor of transfer enough to
28  overcome Plaintiff's choice of forum.  *See BMW of N. Am.*, 2019 WL 672783, at *2 (citing *Van*

12

1  *Dusen*, 376 U.S. 612, 645-46 (1964)) (denying transfer where the result is merely to shift the

2  inconvenience from one party to another).

### IV. Jurisdictional Discovery

Plaintiff seeks to conduct limited jurisdictional discovery should the Court find it has not sufficiently alleged facts to support the exercise personal jurisdiction over Defendant. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (cleaned up). "[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022) (cleaned up). A court may deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *American West Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (cleaned up).

The record does not make it clear jurisdictional discovery would be futile. Further, at oral argument, Defendant did not contend jurisdictional discovery is inappropriate; instead, it merely argued discovery should be tailored to request only material it has direct control over. So, limited jurisdictional discovery is warranted.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction without prejudice and denies the motion to dismiss for improper venue, as well as the motion to transfer to the Western District of New York based on convenience. As discussed at oral argument, the parties are to meet and confer regarding jurisdictional discovery and, if any issues remain regarding appropriate discovery, file a joint discovery letter. If necessary, the Court will set a hearing on the discovery dispute upon receipt of the joint letter.

The Court sets a case management conference for May 11, 2023, at 1:30 p.m. via Zoom video, with a case management statement due one week in advance.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: April 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge